UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHEILA JONES,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant.

CASE NO. C17-05089BHS

ORDER REVERSING AND
REMANDING THE
COMMISSIONER'S DECISION

## I. BASIC DATA

Type of Benefits Sought:

(X) Disability Insurance

(  ) Supplemental Security Income

Plaintiff's:

Sex: Female

Age: 37 at alleged onset date

Principal Disabilities Alleged by Plaintiff: Obsessive compulsive disorder, depression, anxiety, chronic fatigue, spherocytosis, right arm numbness, and leg and ankle pain

Disability Allegedly Began: August 1, 2013

Principal Previous Work Experience: Food sales clerk, stock clerk, cashier, waitress, laundry worker

Education Level Achieved by Plaintiff: 10th grade

# II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ James W. Sherry:

Date of Hearing: June 5, 2015; hearing transcript AR 29-64

Date of Decision: July 10, 2015

Appears in Record at: AR 12-23

Summary of Decision:

> The claimant has not engaged in substantial gainful activity since August 1, 2013, the alleged onset date. The claimant has the following severe impairments: mild degenerative disc disease of the lumbar spine, multiple sclerosis, leukocytosis, thrombocytosis, obesity, major depressive disorder, anxiety disorder, and alcohol abuse. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except she can lift no more than 20 pounds at a time; frequently lift and/or carry 10 pounds; stand and walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; push and pull with the upper extremities within the lifting restrictions; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, balance, stoop, crouch, kneel, and crawl; and frequently handle, perform gross manipulation bilaterally, and finger. The claimant should avoid concentrated exposure to hazards, such as working around moving machinery or at unprotected heights. The claimant can understand and remember simple job instructions and perform simple, routine, and repetitive tasks. She can perform jobs that require only occasional decision making and changes in the work setting. The claimant can maintain attention and concentration for two-hour intervals to complete those tasks without more than the normally expected brief interruptions or being off task less than 10 percent of the time. She can have occasional, superficial interaction with the public and superficial interaction with coworkers and supervisors.

1    The claimant is unable to perform any past relevant work.
     Considering the claimant's age, education, work experience, and
2    RFC, there are jobs existing in significant numbers in the national
     economy that the claimant can perform. Therefore, the claimant has
3    not been under a disability, as defined in the Social Security Act,
     from August 1, 2013, through the date of the decision.

4

Before Appeals Council:

5

   Date of Decision: December 9, 2016

6

   Appears in Record at: AR 1-7

7

   Summary of Decision: Declined review

8
                        **III. PROCEDURAL HISTORY—THIS COURT**
9

   Jurisdiction based upon: 42 U.S.C. § 405(g)

10

   Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

11
                              **IV. STANDARD OF REVIEW**
12

   Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's

13

denial of Social Security benefits when the ALJ's findings are based on legal error or not

14

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

15

1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than

16

a preponderance, and is such relevant evidence as a reasonable mind might accept as

17

adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

18

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for

19

determining credibility, resolving conflicts in medical testimony, and resolving any other

20

ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

21

While the Court is required to examine the record as a whole, it may neither reweigh the

22

1 evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*, 278

2 F.3d 947, 954 (9th Cir. 2002).  "Where the evidence is susceptible to more than one

3 rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

4 must be upheld." *Id.*

## V. EVALUATING DISABILITY

6      The claimant, Sheila Jones ("Jones"), bears the burden of proving that she is

7 disabled within the meaning of the Social Security Act ("Act").  *Meanel v. Apfel*, 172

8 F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in

9 any substantial gainful activity" due to a physical or mental impairment which has lasted,

10 or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C.

11 § 423(d)(1)(A).  A claimant is disabled under the Act only if her impairments are of such

12 severity that she is unable to do her previous work, and cannot, considering her age,

13 education, and work experience, engage in any other substantial gainful activity existing

14 in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d

15 1094, 1098-99 (9th Cir. 1999).

16      The Commissioner has established a five-step sequential evaluation process for

17 determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R.

18 § 416.920.  The claimant bears the burden of proof during steps one through four.

19 *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step five,

20 the burden shifts to the Commissioner.  *Id.*

21

22

# VI. ISSUES ON APPEAL

1. Did the ALJ err in assessing Jones's testimony?

2. Did the ALJ err in assessing the lay witness testimony in the record?

# VII. DISCUSSION

Jones appeals the Commissioner's decision denying her disability benefits, arguing that the ALJ committed several errors requiring reversal. Dkt. 11. The Court addresses the alleged errors in turn.

## A. Jones's Testimony

Jones argues that the ALJ erred in evaluating her testimony. *See* Dkt. 11 at 3-10. The Court agrees.

Questions of credibility are solely within the control of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). Unless affirmative evidence shows the claimant is malingering, an ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

Here, the ALJ discounted Jones's testimony regarding both her physical and mental symptoms because her complaints were not substantiated by the objective medical evidence. *See* AR 18-19. However, a claimant's pain testimony may not be rejected "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (*en banc*)) (emphasis added); *see also*

1  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597,

2  601 (9th Cir. 1989).  The same is true with respect to a claimant's other subjective

3  complaints.  *See Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (finding that

4  while holding in *Bunnell* was couched in terms of subjective complaints of pain, its

5  reasoning extended to claimant's non-pain complaints as well).  The Ninth Circuit found

6  that to allow otherwise "'would render meaningless' the requirement that" the ALJ

7  "consider all relevant evidence," not just that which is medical.  *Bunnell*, 947 F.2d at 347

8  (citation omitted).

9       The ALJ in fact stated in his opinion that " whenever statements about the

10  intensity, persistence, or functionally limiting effects of pain or other symptoms are not

11  substantiated by objective medical evidence, the undersigned must make a finding on the

12  credibility of the statements based on a consideration of the entire case record."  AR 18.

13  Therefore, the ALJ erred by failing to provide any reason to discount Jones's testimony

14  other than the inconsistency between that testimony and the medical evidence.[1]

15

16

17     [1] In the course of discussing how the objective medical evidence did not support the level of
debilitation to which Jones testified, the ALJ stated that "[i]t is also of note that the claimant rarely
received emergency treatment and never received extended inpatient treatment for exacerbation of any
18  physical or mental impairments."  *See* AR 21.  Even were to the Court to infer that the ALJ here provided
a distinct reason to discount Jones's testimony, that reason is not legitimate and supported by substantial
19  evidence.  A claimant's statements "may be less credible if the level or frequency of treatment is
inconsistent with the level of complaints."  Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 *7.
However, the Ninth Circuit has recognized that mental illness itself can be an impediment to seeking or
20  following treatment, one for which the claimant should not discredited.  *See Nguyen v. Chater*, 100 F.3d
1462, 1465, 1467 (9th Cir. 1996).  Here, Jones described how her anxiety prevented her from seeking
21  counseling in addition to taking medication.  *See* AR 53.  Regarding her physical impairments, the ALJ
outlined Jones's repeated attempts to receive effective treatment.  *See* AR 18-19.  For the ALJ then to
expect more intense treatment is simply another way of saying that Jones's complaints are inconsistent
22  with the medical evidence, which is not alone a permissible reason to discount her complaints.

The Ninth Circuit has "recognized that harmless error principles apply in the

Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

(citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)

(collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a

whole to determine [if] the error alters the outcome of the case." *Id*. The Ninth Circuit

has "adhered to the general principle that an ALJ's error is harmless where it is

'inconsequential to the ultimate nondisability determination.'" *Id*. (quoting *Carmickle v.*

*Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations

omitted). The court noted the necessity to follow the rule that courts must review cases

"'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id*. at 1118

(quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ fully credited Jones's testimony, the RFC would have included

additional limitations, as would the hypothetical questions posed to the vocational expert.

As the ALJ's ultimate determination regarding disability was based on the testimony of

the vocational expert on the basis of an improper hypothetical question, this error affected

the ultimate disability determination and is not harmless.

**B.      Lay Witness Evidence**

Jones argues that the ALJ erred in evaluating the lay witness testimony of her

husband, her father, and her friend. *See* Dkt. 11 at 10-12. The Court agrees.

The Commissioner argues only that any error in the ALJ's evaluation of the lay

witness testimony was harmless because each of the witnesses testified to the same

limitations to which Jones testified, and when that occurs, the ALJ's valid reasons for

1   rejecting the claimant's testimony apply equally well to the lay witness testimony. *See*

2   Dkt. 12 at 7-8 (citing *Molina*, 674 F.3d at 1117). However, as described above, the ALJ

3   did not provide a valid reason for discounting Jones's testimony. *See supra* § VII.A.

4   Therefore, the ALJ must re-evaluate the lay witness testimony on remand as well.

5   **C.**     **The RFC and Step-Five Finding**

6        Jones argues that the ALJ's RFC assessment and step-five finding are not

7   supported by substantial evidence due to the aforementioned errors. *See* Dkt. 11 at 12.

8   As discussed above, because the ALJ erred in assessing Jones's testimony and the lay

9   testimony, the RFC analysis was not complete, and the ALJ's step-five determination is

10   not supported by substantial evidence and is in error.

11        The Court may remand this case "either for additional evidence and findings or to

12   award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when

13   the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is

14   to remand to the agency for additional investigation or explanation." *Benecke v.*

15   *Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual

16   case in which it is clear from the record that the claimant is unable to perform gainful

17   employment in the national economy," that "remand for an immediate award of benefits

18   is appropriate." *Id.*

19        Benefits may be awarded where "the record has been fully developed" and

20   "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at

21   1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits

22   should be awarded where:

1  (1) the ALJ has failed to provide legally sufficient reasons for rejecting
   [the claimant's] evidence, (2) there are no outstanding issues that must
2  be resolved before a determination of disability can be made, and (3) it
   is clear from the record that the ALJ would be required to find the
3  claimant disabled were such evidence credited.

4  *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir.

5  2002).  Here, issues still remain regarding conflicts between the medical evidence and

6  other testimony over Jones's functional capabilities and her ability to perform work

7  despite any additional functional limitations.  Accordingly, remand for further

8  consideration is warranted in this matter.

9                              **VIII.  ORDER**

10         Therefore, it is hereby **ORDERED** that the Commissioner's final decision

11  denying Jones disability benefits is **REVERSED AND REMANDED**.

12         Dated this 9th day of August, 2017.

13

14  _____
    BENJAMIN H. SETTLE
15  United States District Judge

16

17

18

19

20

21

22